UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

---

JEFF T KEISACKER,

          Plaintiff,

    vs.

HOLLOWAY CREDIT SOLUTIONS, LLC,

          Defendant.

---

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jeff T Keisacker ("Plaintiff"), by and through his attorneys, Law Offices of Michael Lupolover, P.C., as and for his Complaint against the Defendant Holloway Credit Solutions, LLC ("Defendant" and/or "Holloway") respectfully sets forth, complains and alleges, upon information and belief, the following:

## **JURISDICTION**

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District 28 U.S.C. § 1391(b) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

4. Plaintiff is a natural person who resides in Mobile, AL and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Holloway is a debt collection agency and Alabama business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 1286 Carmichael Way, Montgomery, AL 36106-3645.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to the Defendant, Enterprise-Ozark Community College, either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to Holloway for collection ("the alleged debt").

9. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

10. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Within the one (1) year preceding the filing of this complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the alleged debt.

12. On or about June 27, 2014, Defendant sent a collection letter to Plaintiff in an attempt to collect the alleged debt.

13. Defendant's letter is a form letter that uses barcoded addresses and return addresses; these barcodes permit Defendant to use bulk-mailing discounted postage rates.

14. Defendant's letter is designed so that the debtor's address would be displayed by use of a "window envelope." Defendant's letter was in fact sent in such a "window envelope" to Plaintiff.

15. The account number for Plaintiff's alleged debt was visible through the "window" of the envelope used to send the letter to him. That account number (ending in -4300) appears right above Plaintiff's first name, middle initial and last name above the barcoding found in the address box at the top left corner of Defendant's letter, and also appears in the top right corner of the letter.

16. Publicly displaying the account number violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014). 15 U.S.C. §1692f(8) provides:

> a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> (8) using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business....

17. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, contained such a symbol and language.

18. Defendant's disclosure of the Plaintiff's file number violates the FDCPA.

19. The plain language of § 1692f(8) does not permit Defendant's envelope to display an account number.

3

20. The Plaintiff's file number is not benign, but rather a piece of information which is able to identify the Plaintiff's status as a debtor.

21. Indeed, the disclosure of the Plaintiff's file number raises core consumer privacy concerns.

22. On information and belief, Defendant mails hundreds of thousands, if not millions, of such collection letters annually.

23. Defendant's June 27, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

24. As a consequence of the Defendants' action(s) in the year prior to filing of the instant action, Plaintiff seeks damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a. 15 U.S.C. §1692e-preface and (10).

    b. 15 U.S.C. §1692f-preface and (8).

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jeff T Keisacker demands judgment from the Defendant Holloway Credit Solutions, LLC as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    C.    For attorneys' fees, costs and disbursements;

    D.    For an award of pre-judgment interest on all sums awarded and/or collected;

    E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jeff T Keisacker hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated: June 19, 2015

Respectfully submitted,

By: /s/ __Curtis R. Hussey_____
Curtis R. Hussey (HUSSC7684)
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, Alabama 36532-1896
Tel: (251) 928-1423
Email: gulfcoastadr@gmail.com
Attorney for the Plaintiff Jeff T Keisacker

Of Counsel To:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Tel: 201-461-0059
Email: allison@lupoloverlaw.com